UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORINNE S. HAEHL,

       Plaintiff,

v.                                      Case No. 4:06-CV-3
                                        Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on April 30 ,1956 and has a bachelor of science degree in education (AR 15, 50).[1] Plaintiff alleges that she became disabled on September 12, 2003 (AR 50). She had previous employment as a dental assistant and as a sewer in an automobile factory (AR 57-59). Plaintiff identified her disabling conditions as extreme fatigue, "brain fog," and pain in the feet, ankles, knees, hips, back, shoulders, neck and arms (AR 204-05). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on August 26, 2005 (AR 14-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (AR 20). Second, the ALJ found that she suffered from the severe

impairments of osteoarthritis, fibromyalgia, bilateral pain secondary to Morton's neuroma on the right foot, and spurs (AR 20). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 20). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to:

> walk/stand for 15 minutes at a time, and four hours total in an eight hour workday; sit for one hour at a time, and six hours total in an eight hour workday; sitting/standing at the claimant's option; lifting/carrying 20 pounds occasionally and 10 pounds frequently; postural activities limited to occasional with no climbing; and avoiding extreme temperatures; with mild restriction of activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each of extended duration.

(AR 20). The ALJ further concluded that plaintiff was unable to perform her past relevant work (AR 20).

At the fifth step, the ALJ determined that plaintiff was capable of performing substantially all of the full range of light work (AR 20). The ALJ found that "[b]ased on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.21, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of 'not disabled'" (AR 21). The ALJ further found that plaintiff's capacity for light work is "substantially intact and has not been compromised by any nonexertional limitations" (AR 21). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 24).

**III. ANALYSIS**

Plaintiff raises two issues on appeal:

A.  **It is asserted that the (ALJ) failed to follow the requirements and**

> **guidelines of controlling law in her assessment of the reports and evaluations prepared and submitted by the principal treating physician, Dr. Timothy J. Swartz, M.D., of Kalamazoo, Michigan.**

A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). However, an ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

Dr. Swartz, a rheumatologist, began treating plaintiff in July 1997 (AR 94). He diagnosed plaintiff as suffering from osteoarthritis, fibromyalgia and low back pain (AR 91). Dr. Swartz found that plaintiff had the following physical findings: tender points, muscle spasm, crepitus, bony changes with pain of knees, decreased axial motion (AR 92). She has a history of foot pain, knee pain and back pain since 1995, and was diagnosed with fibromyalgia in 1999, at which time her pain became more diffuse (AR 91). She has been treated with analgesics, muscle relaxants, an exercise regimen and anti-depressants (AR 92). The doctor concluded that plaintiff was unable to stand, lift, bend, stoop or carry and that she fatigues easily (AR 92). However, the doctor reported that plaintiff can perform activities of daily living (AR 92). He reported that plaintiff can lift five pounds rarely, stand/walk one hour or less per day, and sit less than six hours per day (AR 93-94). The doctor also reported that plaintiff suffered from depression, anxiety and difficulty with memory (AR 92).

Here, the ALJ gave good reasons for assigning little weight to Dr. Swartz' opinion. *See Wilson*, 378 F.3d at 545. The ALJ found: (1) the doctor did not give the medical findings to support this assessment; and, (2) the doctor's assessment was inconsistent with his notes, which indicated that plaintiff could perform activities of daily living (AR 17). The record contains no medical findings to support the doctor's extensive restrictions. The ALJ noted that the doctor's notes from June 8, 2004 indicated that plaintiff was walking on a daily basis and had lost over 37 pounds, had no red, hot or swollen joints but just diffuse pain (AR 16, 95). The doctors notes also reflect that plaintiff had full range of motion in her shoulders, good range of motion in her hips and that her gait and strength was grossly normal (AR 95).

6

In addition, the doctor's conclusion that plaintiff can perform the activities of daily living is inconsistent with such severe restrictions. *See Gist v. Secretary of Health and Human Services*, 736 F.2d 352 (6th Cir. 1984)(capacity to perform daily activities on a regular basis will militate against a finding of disability). In addition, plaintiff reported to Dr. Swartz in June 2004 that she is walking on a daily basis and has lost 37 pounds (AR 95). In August 2004, plaintiff reported to the examining psychologist that she walks two miles a day, does laundry, packs her husband's lunch, does dishes and cleans on a daily basis (AR 123-24). Plaintiff's efforts to exercise and lose weight are commendable. However, such endeavors are not indicative of a person suffering from a work-preclusive disability. *See Pena v. Commissioner*, No. 98-1833, 1999 WL 775832 (6th Cir. Sept. 24, 1999) (claim of disabling pain belied by claimant's performance of daily activities such as preparing meals, grocery shopping, mowing lawn, taking out garbage and watching grandchildren); *Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 713 (6th Cir. 1988) (claimant found not disabled by severe pain when he was able to drive, do housework, visit relatives regularly, babysit occasionally, read, watch television, feed chickens and garden occasionally).

The ALJ concurred with the opinions expressed by Dr. Grant Anderson (the "medical expert"), who reviewed plaintiff's medical records and testified at the hearing (AR 17). The medical expert concluded that plaintiff did not meet the requirements of any Listing (AR 209). In reaching this conclusion, the medical expert observed that Dr. Swartz did not place any restrictions on plaintiff (AR 209). The medical expert noted that plaintiff's limitations "would be based primarily on standing and walking and from a lifting and carrying standpoint," that her gait and strength were grossly normal and that plaintiff "is able to continue walking, despite the changes he [Dr. Swartz]

7

indicated in his notes" (AR 211-12).  The medical expert concluded that plaintiff's problems, which included intermittent tightness in the calf and hamstrings, and periodic back muscle spasms, would limit her to walking or standing up to 15 minutes at a time, cumulatively up to four hours per day with a sit/stand option (AR 212).  The medical expert also opined that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, as opposed to Dr. Swartz' opinion that she could lift 5 pounds rarely (AR 212).  Accordingly, the ALJ's decision to give Dr. Swartz' opinion little weight is supported by substantial evidence.

### B.     Supplemental medical information

### 1.     Review of Appeals Council's decision

Next, plaintiff urges the court to consider Dr. Swartz' letter of October 21, 2005 (AR 6, 188-93).  In this letter, Dr. Swartz clarifies his position and critiques the opinion of the medical expert. Plaintiff's attorney submitted the letter to the Appeals Council to demonstrate that the ALJ "has both misapplied and misunderstood [Dr. Swartz'] evaluations of his patient's residual functional capacity"  (AR 192).  The Appeals Council reviewed this letter before denying plaintiff's request for review (AR 3-6).  Plaintiff seeks to have this court re-consider this letter, which was not part of the administrative record, and effectively reverse the Appeals Council's order.

There is no basis for the court to review the Appeals Council's denial of plaintiff's request for review. "Only final decisions of the [Commissioner] are subject to  judicial review under [42 U.S.C.] § 405(g)."  *Willis v. Secretary of Health and Human Servs.*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977).  When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner.  *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.

1993). "While new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R. § 404.970, on appeal we still review the ALJ's decision, not the denial of review by the appeals council." *Id.*

### 2. Sentence-six remand

Finally, there is no basis for the court to consider Dr. Swartz' October 21st letter in this appeal. The ALJ did not consider this letter. When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[2] In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the prior proceeding.

The standard in determining whether to remand a claim for the consideration of new evidence is governed by statute. "The court . . . may at any time order the additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g)(emphasis added). "Good cause" is shown for a sentence-six

---

[2] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986).

Here, Dr. Swartz' October 21st letter was solicited as a response "to the inappropriate and inaccurate assertions made by the administrative law judge in her Decision, describing her opinion with regards to your assessment of [plaintiff's] residual functional capacity" (Ar 188-89). In his letter, Dr. Swartz critiques the medical expert and explains his own opinion regarding plaintiff's inability to work (AR 190-91). This letter fails to meet the good cause requirement because it did not arise in the course of continued medical treatment, but was generated for the purpose of attempting to prove disability. The good cause requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) (observing that the grant of automatic permission to supplement the administrative record with new evidence after the ALJ issues a decision in the case would seriously undermine the regularity of the administrative process); *Koulizos*, 1986 WL 17488 at *2. Accordingly, plaintiff is not entitled to a sentence-six remand for consideration of Dr. Swartz' October 21st letter.

## IV.  Recommendation

I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  November 13, 2006                /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).